Good afternoon. Tammy Crenson, Supervising Deputy Attorney General for the Respondent. As set out in our brief, there are many reasons why petitioners Miranda and ex-party communication claims fail, but the most obvious reason I'd like to focus on is the lack of any prejudice. There simply was not any prejudice from any alleged errors or any prejudice to accumulate in this case. The officer's testimony about petitioner's reaction to the photo of the bag found in his trunk did not harm petitioner's credibility in any way. Petitioner testified at trial that when he was shown the photograph, he was also told what was in the bag and he was told that he was being charged with the contents of the bag. That means at the time that he was shown the photograph that he knew about the drugs found in the bag and he knew about the charges against him when he reacted. There simply is not an incriminating response there. A guilty or innocent person would react the same to the drugs found in the car. That would be a threat. So counsel, may I ask you, what was the purpose of introducing this evidence? Often we find it, I know it's not your call because you're handling the appeals and the habeas, but often we find that in these cases a piece of evidence that the state claims was harmless was introduced for some reason. What did the, what was the purpose of introducing this evidence if it showed nothing of importance? Well your honor, I don't know what the purpose was, but what I do know is that the prosecution did ask the officer about the reaction to the photo, but then when a petitioner would testify, the defense used the evidence and petitioner testified that he was told of the charges and he was told what was in the bag. We don't know what the photograph, what the picture was of. We know it was at least of a bag. We don't know if it showed the contents or not, but it could very well be that when in discussing this with the officer, the officer told the prosecutor that he reacted to the photo but didn't mention the, he mentioned the charges and that he mentioned what was in the bag. So it could very well be the prosecutor was taken by surprise and the defense effectively neutralized the evidence, but what we do know is that the prosecutor in closing did not even mention this evidence and that, and we can draw the conclusions because it simply wasn't helpful to establish guilt. Well and I guess I'm not, I don't want to pick on you on it. It just strikes me and I often, well I often see this. I can't imagine why the prosecutor thought it was necessary to introduce this evidence and if he hadn't, we wouldn't be here on this issue. So I always caution some self-restraint, but you're not the person to whom I guess I'm cautioning it. We simply don't know and also the, we don't have the prosecutor's opening argument. So all we know is that this testimony came in, but the defense did use the that he was in shock when he saw it, the picture, and he also said that he felt like he was being set up. Certainly a guilty or innocent person couldn't be upset under those circumstances. And as to the readback of the officer's testimony of the jail call in which petitioner and his girlfriend were talking about the charges and where petitioner said they found everything, that testimony certainly didn't bolster officer, the officer's testimony because the testimony was undisputed. Petitioner himself at trial admitted the conversation and that he said they found everything. So there simply was nothing to bolster here because it was undisputed evidence. Can I ask a factual question? How, there, it's not clear to me from the record the district court found it, that counsel was or wasn't present at the time of the readback. Can you help us with the record? What does the record show or not show? The record doesn't show that whether counsel was present or not. We certainly could draw a strong conclusion that counsel was there because the judge the night before had ordered both defendants and counsel to be there. But I also want to note that we don't have any evidence from petitioner that counsel wasn't present because we don't have, all we have is counsel's petition to California Supreme Court where he verified the petition. We don't even have a declaration from petitioner about whether who was present or who wasn't. And also there's noting that unless petitioner could explain why, we don't know how petitioner would know whether the court contacted counsel or not, whether by phone or in the courtroom. Go ahead Judge Hurwitz. I was going to follow up on that same factual record point. One quick other question. Is there, there's no declaration by counsel in the record? There's counsel verifying the petition, but that's not personal knowledge of what happened. Counsel doesn't have personal knowledge of what happened. So California Supreme Court could have looked at this and said we don't even have any evidence of what happened. We don't have, we don't know who was there and who wasn't there. And certainly the record, we could draw from the record that counsel and defendant were there because the court had ordered them to be there. Nothing from the prosecution either though, saying I remember this and counsel was there. No, it's nothing from the prosecutor, but it is petitioner's burden in trying to challenge a presumptively valid judgment to come forward with that evidence to show that there was a problem here. Thank you, Judge Wynn. Yeah, I actually was struggling with the record in the same area. It's not uncommon or at least, you know, in the court that I, the state court that I sat in to have counsel return to the courthouse, essentially be on standby to come into the courtroom and answer the jury's questions when they have it, but then have the deputy clerk contact them by phone to give them a heads up what the question is and then prepare a response so that when they do get to court, you don't lose any time bringing the jury out into the courtroom to respond to that. Is there enough in the record from which we can draw the inference that counsel was contacted in some manner by phone or informally through the deputy clerk or is the record not clear enough for that? Well, the record isn't clear as to whether there's actual contact, but I would like to note that we presume the judge did what the judge is supposed to do and contact counsel and then also when the judge went on the record to say what had been done with the jury, the counsel didn't say anything as, oh, wait a minute, I wasn't there. And that in itself would waive any constitutional rights from any ex-party communication that supposedly occurred. And so it seems unlikely that counsel would have not spoken up at that point to say, I wasn't made informed of that. I wasn't made aware of that. And the court did make a record of what happened off the record. And I'd like to reserve five minutes for rebuttal. And unless the court has any questions, I will wait till rebuttal to respond. All right. May it please the court, John Ballas on behalf of Kirk Campbell, the petitioner and appellee and cross appellate. I will start with the issue that the court was discussing with opposing counsel. That is what evidence there was that counsel, the parties were not present to the notes. Both the magistrate and the district court concluded the record was clear that the counsel were not present. I think the strongest... Well, I think that the question is whether the finding was actually supported because the findings below drew inferences that I'm not sure is really reflected in the record. Okay. And on that point, there's four points that support the lower court's findings. One is that the transcript on December 21st, when they're returning the verdict, the court specifically states that he's now in the presence of counsel and Mr. Campbell, and he wanted to capture a few response to jury notes without any reference to counsel being present, except then he goes, there was a final question which the court met with counsel in chambers and provided counsel an opportunity to be heard and a chance to read the court's proposed response to jury questions. The clear import of that is that when the court did meet with counsel, it specifically mentioned on the record where the prior notes did not. That's the first piece of evidence. I think the most strongest, most correct. Second is that the magistrate judge responded that the clerk's minutes start each day with all parties and the defendant are present. That happened during the trial. And then when the jury was deliberating, there's no reference like that at all. The third one is on with respect to the second note, when the jury asked for the police report, that the record shows that the note came out at 10.06 a.m. and the court responded at 10.09 a.m. that there was no police report available. It's very quickly to get the defendant there present, all counsel present, and then the respondent notes a note in three minutes. It just doesn't seem possible. I think that also supports the inference in the minutes and in the transcript that the judge just responded to these notes thinking that they were routine and not something he had to discuss with the court. And then the fourth kind of piece of any discussion regarding any of these jury notes with counsel. If they were going to discuss it with counsel, it would be on the record, typically, and there was nothing like that. Well, typically it's done in chambers. That's why this record doesn't seem at all unusual to me. If the judge gets a request for readback to contact counsel informally and to tell counsel that jury and give counsel a chance to object. So the sequence of the decisions and the lack of a transcript of the in-chambers discussion just does not seem unusual for state court practice. Well, I agree that not all in-chambers conferences are transcribed, but I think that the court's transcript when it refers to the prior notes that the court just responded to the notes without having any reference to counsel and where the last note he specifically mentions that he went into chambers and discussed it with counsel, the clear import of that is that he did not in the prior three notes. And I think that's what the magistrate judge found. That's what the district court judge found. I think that's the only really reasonable review of the record. Now, opposing counsel's point that when they did get in the court and defense counsel, when the judge informed them that they were responding to these notes and didn't object, that probably goes more towards the ineffective assistance of counsel rather than, that's the main point it would show is that counsel didn't think it was a problem, didn't realize it was an issue. And I think that also supports the ineffective assistance. With respect to the... How do you respond to, I think, the first point counsel made, even if we assume all these errors happened and even if we assume they accumulated, that there's still isn't, we can't say it was an unreasonable application. No prejudice here, given the evidence of his connection to the drugs. Well, first of all, I think that on the prejudice factor prior v. Keillor, that you don't, it's just whether it's a substantial injurious effect on the substantial injurious effect and influence on the jury. It's the question is not whether that's an unreasonable application of a Supreme Court law. Well, yeah, I agree with you with your standard, but here the judge read back testimony, I guess, had a read back of testimony that was accurate. So how does that have a substantial injurious effect on the jury? Well, in and of itself, it may not, even the district court said individually they might not, but in comparison, combined with the Miranda violation, I think it does. And what the magistrate, and the Miranda violation particular, I think is even more egregious in that it's essentially a sign of consciousness of guilt and an admission when the officer testified that he turned deep red and in his opinion was angered when he showed them the photograph of the bat. Admissions or consciousness of guilt are obviously one of the most harmful forms of evidence. On the drugs themselves, both Campbell and his passengers testified. Campbell testified he didn't know the drugs were in the car. Kendall testified that he put the drugs in the back in the trunk without Campbell's knowledge. But let me go back to where I started on this. The district court found that neither error by itself required a grant of habeas relief, but together they added up the cumulative error because of the cumulative effect of the two. And just focusing on the second one, I can't see any injurious effect at all from merely reading back to the jury a portion of the testimony that it asked for. What's the substantial injurious effect from that? Well, the substantial injurious effect is that the jury asked for the transcript of the phone call. Instead, the court gave them a readback of the testimony. And if it was counsel, if I was there, my response would have been there is no transcript available and it shouldn't have provided. The court is correct that the jury heard that testimony earlier, but it's essentially telling the jury that the defendant, that the officer's testimony is equivalent to the transcript of what the jail phone call was. And magistrate Judge Hallows described it as the judge giving a little, I forgot his exact words, but kind of, you know, giving it a proprietary effect, saying essentially that the court is accepting that in lieu of the transcript. And that in together with the Miranda violation itself, which I believe is in and of itself sufficient to warrant relief, at least on all the drug counts, should be sufficient here to affirm the court's. But on the Miranda violation itself, you'd ask us to reverse the district court, which found the error by itself harmless. Well, the district court did not make a finding on that. It said it might be harmless. Might be harmless. It might be, but I find that together, both of them. Right. So we would have to make a finding. We'd have to make a finding the district court didn't make. We'd have to find that the Miranda violations, to accept your latest argument, was itself harmful. And I think the court can do that. A finding of prejudice under the Miranda violation. But would the California Supreme Court have been unreasonable to find the Miranda violation harmless? Well, again, first of all, I don't think that's the right question because it's not as cumulative, but just focusing on the Miranda violation. Let's assume that's all we had here in the California Supreme Court without opinion turns down your habeas petition. So we have to, I hate this law, but it's what the Supreme Court's told us. We have to make up all the reasons why they might've turned it down. And one reason why they may have turned it down was because any error was harmless. Would that finding have been unreasonable? I think it would be unreasonable, but I think that under, again, under I don't think that the, when it comes to the harmlessness determination, it's not an application of the law. It's just whether the court was wrong. So I think it is an unreasonable application to say that showing someone a photo of a bag that contains drugs is not reasonably likely to elicit, wasn't intended to, wasn't interrogation. That would unreasonable application of law. It's also an unreasonable application of Supreme Court law to say that a nonverbal reaction, which is testimonial nature, showing yourself being beat red and showing display of anger is not testimonial nature. It's not a statement. I think it clearly is under Pennsylvania versus Nunez. And so the argument, the argument is that each, especially the Miranda violation is individually prejudicial. It's cumulatively prejudicial. And then the court can also consider the third claim that district court rejected, which is that the court should have allowed evidence that Tyndall, who said he put the bag of drugs in the trunk of the car, that he had a pending methamphetamine charge at the time of the trial. And together, all three of them, in my view, is cumulatively prejudicial as well as individually prejudicial. And I think that's all I have unless the court has more questions. All right. It appears that we don't have any questions. Thank you very much, counsel. Thank you. You have rebuttal time. First of all, to make clear, the certificate of appealability did not address the third claim that petitioner is trying to raise. We are looking at the cumulative effect of the Miranda, the so-called Miranda error and the ex parte communication. And it is hard to imagine how each of those errors in and of themselves individually have had any prejudice, one being a reaction that we can't draw any incriminating response from. And then the ex parte communication is even if the judge had not responded to the actual request the jury made, it would still there was no prejudice from either one of them. But even together, can't say that they deprive petitioner of his rights to present his defense. And just quickly, as to the prejudice standard, we certainly look at the California Supreme Court denial and we can find that the fair-minded jurist could have been found in error harmless beyond reasonable doubt. And under Davis v. Paella, if that's the case and there can't be prejudice under breast. And unless any further questions, I will submit. It appears that we don't have any questions. Thank you very much for your argument today. The matter is submitted for decision by the court.
judges: Nguyen, Hurwitz, Bress